**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:98-CR-242-M** |
| | ) | |
| **LARRY GENE POWELL** | ) | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE, AND**
**DENYING CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The objections are overruled, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Powell's Motion (doc. 186) is a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Clerk of Court shall open a new civil action for administrative purposes only; file the motion in that action as a § 2255 motion filed on June 9, 2009; file the Court's order in that action as an order of transfer; and without further judicial action, immediately **TRANSFER** the new § 2255 motion to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson*, 282 F.3d at 864 and *Epps*, 127 F.3d at 365 as a successive § 2255 motion. For purposes of continuity, the Clerk shall directly assign the new civil case to United States District Judge Barbara M.G. Lynn and to United States Magistrate Judge Paul D. Stickney. The Government's Motion to Dismiss as Time-Barred (doc. 189) is denied as moot.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the Court DENIES a certificate of appealability.  The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event, the petitioner will file a notice of appeal, the court notes that

(   )   the petitioner will proceed *in forma pauperis* on appeal.

( X )   the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 26th day of January, 2010.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[1]     Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.